IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN WILLIAM PACHECO, | **MEMORANDUM DECISION AND ORDER** |
| Petitioner, | |
| v. | Case No. 2:12-cv-407 |
| UNITED STATES OF AMERICA, | *Related Case No.* 2:09-cr-055 CW |
| Respondent. | Judge Clark Waddoups |

## <u>INTRODUCTION</u>

John William Pacheco was indicted on twenty-two different charges involving armed bank robbery, Hobbs Act robbery, and carrying a firearm during and in relation to a crime of violence. On June 30, 2011, Mr. Pacheco pled guilty to one Hobbs Act charge and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), was sentenced to a ten year term of imprisonment. Mr. Pacheco waived his right to appeal his conviction and he has not appealed. On April 30, 2012, Mr. Pacheco timely filed a motion, pursuant to 28 U.S.C. § 2255, to vacate his conviction. Mr. Pacheco poses the following three questions in his motion:

I.   "Did Congress exceed the outer boundaries of their enumerated powers by enacting the statutes[1] used as applied in contravention of the 9th and 10th amendments?" Mot. to Vacate, at 4 (Dkt. No. 1).

---

[1] Because Mr. Pacheco was only convicted under the Hobbs Act, the court solely addresses that statute.

II.     "Even if we have a system of dual sovereignty, is Pacheco entitled to a pre-
indictment hearing to address the administration of the sovereignties under
the scrutiny of the 9th and 10th Amendments as a matter of due process?"
Mot. to Vacate, at 5 (Dkt. No. 1).

III.    "Was counsels [sic] performance unreasonable and incompetent by his failure
to challenge the intrusion of Federalism and his failure to raise the timely
ruling of the Supreme Court clarifying Pacheco had standing to challenge
under the 9th and 10th Amendments?"  Mot. to Vacate, at 7 (Dkt. No. 1).

## ANALYSIS

Mr. Pacheco asserts the court should address anew whether Congress exceeded its authority
when it passed the Hobbs Act because the United States Supreme Court recently held that a criminal
defendant has standing to challenge a statute under the Tenth Amendment.  In *Bond v. United States*,
131 S. Ct. 2355, 2360 (2011), the United States Supreme Court did address "whether a person
indicted for violating a federal statute has standing to challenge its validity on grounds that, by
enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the
sovereignty and authority of the States."  The defendant had relied on the Tenth Amendment to assert
that Congress had exceeded its powers.  *Id.*  The Third Circuit held she could not proceed on her
claim, however, because it had concluded she lacked standing.  The Supreme Court reversed and
held that even though the state was not a party to the challenge, the defendant had "standing to raise
her claims."  *Id.* at 2367.

The *Bond* case is in stark contrast to the law at issue here because the Tenth Circuit has not
dismissed Hobbs Act challenges based on a lack of standing.  Rather, it has substantively addressed

the main issue raised by Mr. Pacheco.  Specifically, the Tenth Circuit has addressed whether Congress exceeded its power, and intruded on the Tenth Amendment, when it passed the Hobbs Act. In *United States v. Perkins*, 342 Fed. Appx. 403, 412 (10th Cir. 2009), a defendant asserted "that Congress lacks the authority to criminalize local crimes, such as robbery." (Quotations omitted). The defendant cited the Tenth Amendment to support his jurisdictional argument.  *Id.*  The Court rejected his argument, not due to a lack of standing, but because it had previously upheld the constitutionality of the Hobbs Act on multiple occasions.  *Id.*  (citing *e.g.*, *United States v. Bolton*, 68 F.3d 396, 398 (10th Cir. 1995); *United States v. Wiseman*, 172 F.3d 1196, 1214 17 (10th Cir. 1999)); *see also United States v. Morris*, 247 F.3d 1080, 1086 87 (10th Cir. 2001); *United States v. Malone*, 222 F.3d 1286, 1295 (10th Cir. 2000).  Thus, *Bond* is inapplicable and this court may not address anew an issue already resolved by the Tenth Circuit.

Because the Tenth Circuit has held that the Hobbs Act is constitutional, the court concludes each of the grounds asserted by Mr. Pacheco are without merit.  Congress did not exceed its enumerated powers when it enacted the Hobbs Act; Mr. Pacheco was not entitled to a pre-indictment hearing to address dual sovereignty; and his counsel was not ineffective when he failed to challenge the intrusion of Federalism and that Mr. Pacheco had standing based on the *Bond* decision.[2]

---

[2] In his reply memorandum, Mr. Pacheco also asserts his counsel was ineffective when he failed to raise a misleading statement made by an arresting officer.  Response to Government's Opp'n, at 4 (Dkt. No. 6).  Mr. Pacheco asserts that had his counsel brought forth the misleading statement, he would not have entered his guilty plea because he "would have better understood his rights under the Constitution and the effects of the recent Supreme Court ruling in **Bond**." *Id.*  The misleading statement was brought forward.  *See United States v. Pacheco*, 819 F. Supp. 2d 1239, 1243, 1247 (D. Utah 2011).  As a result, some of the evidence against Mr. Pacheco was suppressed. *Id.* at 1248.  Because the court finds that the misleading statement was brought forward, this asserted ground is also without merit.

Accordingly, the court hereby denies Mr. Pacheco's motion to vacate,[3] and dismisses this case.

SO ORDERED this 17th day of January, 2014.

BY THE COURT:

Clark Waddoups
United States District Court

---

[3] Dkt. No. 1.